# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ERIC SANDOVAL,<br><br>    Defendant. | No. 17-CR-4022-LTS<br><br>**REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY** |

_____

On June 15, 2017, the above-named Defendant Eric Sandoval, by consent (Doc. 15), appeared before the undersigned United States Magistrate Judge pursuant to Federal Rule of Criminal Procedure 11, and entered a plea of guilty to Count 1 of the Indictment (Doc. 2). After cautioning and examining the Defendant under oath concerning each of the subjects mentioned in Rule 11, the court determined that the guilty plea was knowledgeable and voluntary, and the offense charged was supported by an independent basis in fact containing each of the essential elements of the offense. The court therefore **RECOMMENDS** that the plea of guilty be accepted and the Defendant be adjudged guilty.

At the commencement of the Rule 11 proceeding, the Defendant was placed under oath and advised that if he answered any questions falsely, he could be prosecuted for perjury or for making a false statement. He also was advised that in any such prosecution, the Government could use against him any statements he made under oath.

The court asked a number of questions to ensure the Defendant's mental capacity to enter a plea. The Defendant stated his full name, his age, and the extent of his schooling. The court inquired into the Defendant's history of mental illness and addiction to narcotic drugs. The court further inquired into whether the Defendant was under the influence of any drug, medication, or alcoholic beverage at the time of the plea hearing.

From this inquiry, the court determined that the Defendant was not suffering from any mental disability that would impair his ability to make a knowing, intelligent, and voluntary plea of guilty to the charge.

The Defendant acknowledged that he had received a copy of the Indictment, and he had fully discussed the charge with his attorney.

The court determined that the Defendant was pleading guilty under a plea agreement with the Government. After confirming that a copy of the written plea agreement was in front of the Defendant and his attorney, the court determined that the Defendant understood the terms of the plea agreement. The court summarized the plea agreement, and made certain the Defendant understood its terms.

The Defendant was advised also that after his plea was accepted, he would have no right to withdraw the plea at a later date, even if the sentence imposed was different from what the Defendant or his counsel anticipated.

The court summarized the charge against the Defendant, and listed the elements of the crime. The court determined that the Defendant understood each and every element of the crime, and the Defendant's counsel confirmed that the Defendant understood each and every element of the crime charged.

The court elicited a full and complete factual basis for all elements of the crime charged in Count 1 of the Indictment to which the Defendant was pleading guilty.

The court advised the Defendant of the consequences of his plea, including the maximum fine, the maximum term of imprisonment, the mandatory minimum term of imprisonment, the possibility that restitution could be ordered, and term of supervised release.

With respect to Count 1, the Defendant was advised that the maximum fine is **$5,000,000**; the maximum term of imprisonment is **40 years**; the mandatory minimum

term of imprisonment is **5 years**; the maximum period of supervised release is **life**; and the minimum period of supervised release is **4 years**.

The Defendant also was advised that the court is obligated to impose a special assessment of **$100.00**, which the Defendant must pay. The Defendant also was advised of the collateral consequences of a plea of guilty. The Defendant acknowledged that he understood all of the above consequences.

The court explained supervised release to the Defendant, and advised him that a term of supervised release would be imposed in addition to the sentence of imprisonment. The Defendant was advised that there are conditions of supervised release, and that if he were found to have violated a condition of supervised release, then his term of supervised release could be revoked and he could be required to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release.

The court also explained to the Defendant that the district judge would determine the appropriate sentence for him at the sentencing hearing. The Defendant confirmed that he understood the court would not determine the appropriate sentence until after the preparation of a presentence report, which the parties would have the opportunity to challenge. The Defendant acknowledged that he understood the sentence imposed might be different from what his attorney had estimated. The Defendant also was advised that both he and the Government would have the right to appeal the sentence. The Defendant was advised that parole has been abolished.

The Defendant indicated he had conferred fully with his counsel and he was fully satisfied with his counsel. The Defendant's attorney indicated that there is a factual basis for the guilty plea.

The Defendant was advised fully of his right to plead not guilty, or having already entered a not guilty plea to persist in such plea, and to have a jury trial, including:

1. The right to assistance of counsel at every stage of the pretrial and trial proceedings;

2. The right to a speedy, public trial;

3. The right to have his case tried by a jury selected from a cross-section of the community;

4. That he would be presumed innocent at each stage of the proceedings, and would be found not guilty unless the Government could prove each and every element of the offense beyond a reasonable doubt;

5. That the Government could call witnesses into court, but the Defendant's attorney would have the right to confront and cross-examine these witnesses;

6. That the Defendant would have the right to see and hear all witnesses presented at trial;

7. That the Defendant would have the right to subpoena defense witnesses to testify at the trial, and if he could not afford to pay the fees and costs of bringing these witnesses to court, then the Government would be required to pay those fees and costs;

8. That the Defendant would have the privilege against self incrimination; *i.e.*, he could choose to testify at trial, but he need not do so, and if he chose not to testify, then the court would instruct the jury that the Defendant had a constitutional right not to testify;

9. That any verdict by the jury would have to be unanimous;

10. That he would have the right to appeal, and if he could not afford an attorney for the appeal, then the Government would pay the costs of an attorney to prepare the appeal.

The Defendant also was advised of the rights he would waive by entering a plea of guilty. The Defendant was told there would be no trial, he would waive all the trial rights just described, and he would be adjudged guilty without any further proceedings except for sentencing.

The Defendant confirmed that his decision to plead guilty was voluntary and was not the result of any promises, other than plea agreement promises; and his decision to plead guilty was not the result of any threats, force, or anyone pressuring him to plead guilty.

The Defendant confirmed that he still wished to plead guilty, and he pleaded guilty to Count 1 of the Indictment.

The court finds the following with respect to the Defendant's guilty plea:

1. The guilty plea is voluntary, knowing, not the result of force, threats or promises, except plea agreement promises, and the Defendant is fully competent.
2. The Defendant is aware of the maximum punishment.
3. The Defendant knows his jury rights.
4. The Defendant has voluntarily waived his jury rights.
5. There is a factual basis for the plea.
6. The Defendant is, in fact, guilty of the crime to which he is pleading guilty.

The Defendant was advised that a written presentence investigation report would be prepared to assist the court in sentencing. The Defendant was told that he and his counsel would have an opportunity to read the presentence report before the sentencing hearing and to object to the contents of the report, and he and his counsel would be afforded the opportunity to present evidence and be heard at the sentencing hearing.

The Defendant was advised that the failure to file written objections to this Report and Recommendation within 14 days of the date of its service would bar him from attacking this court's Report and Recommendation, which recommends that the assigned United States District Judge accept the Defendant's plea of guilty. Defendant was advised that he may waive any right to file written objections to this Report and Recommendation

by filing a written waiver form. The "Waiver of Objections to Report and Recommendation"[1] form is available on the Court's web page.

*United States v. Cortez-Hernandez*, 2016 WL 7174114 (8th Cir. 2016) (per curiam), suggests that a Defendant may have the right to *de novo* review of a magistrate judge's recommendation to accept a plea of guilty even if no objection is filed. *But see* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). The district court judge will undertake a *de novo* review of the Report and Recommendation if a written request for such review is filed within fourteen (14) days after this order is filed.

**DONE AND ENTERED** at Sioux City, Iowa, this 15th day of June, 2017.

Kelly K.E. Mahoney
United States Magistrate Judge
Northern District of Iowa

---

[1] This form can be found at two locations on the Court's web page: www.iand.uscourts.gov, ((1)Clerk of Court, Forms, Criminal Forms, G.1 Plea Documents, WaiverOfObjectionsForm.002.002.pdf; (2) Judges' Information, Magistrate Mahoney, Standing Forms).